RECEIVED
IN LAKE CHARLES, LA.

JUN - 1 2011

TONY R. MOORE, CLERK
BY_____
         DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| MIDSOUTH BANK, N.A. | : | DOCKET NO. 2:10 CV1560 |
| VS. | : | JUDGE MINALDI |
| ALFRED McZEAL, SR. | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM ORDER

Before the Court is a Motion to Set Aside a Default Judgment, filed by the Third-Party defendant, Jay Angelle [Doc. 11]. Before discussing the merits of Mr. Angelle's Motion, this Court takes up the issue of Subject Matter Jurisdiction, and thus the plaintiff's, MidSouth Bank, N.A. ("MidSouth"), Motion to Remand, which addresses the issue of Subject Matter Jurisdiction [Doc. 18].[1] Because this Court finds that remand is appropriate, it will not consider Mr. Angelle's Motion to Set Aside a Default Judgment.

## BACKGROUND

MidSouth's Complaint, filed in state court, raises an executory process foreclosure action afforded by Louisiana law, and nothing more. On October 13, 2010, the defendant, Alfred McZeal, Sr., removed this case to federal court, basing subject matter jurisdiction on both 28 U.S.C. §§ 1331, federal question jurisdiction, and 1332, diversity jurisdiction. On the same day,

---

[1] Although the Motion to Remand is pending before Magistrate Judge Kathleen Kay, the jurisdictional defect is so patent that this Court cannot ignore it in ruling on Mr. Angelle's Motion to Set Aside a Default Judgment. *Cf. Harrison v. Local 54 of Am. Fed'n of State, County & Municipal Employees*, 518 F.2d 1276, 1284 n.4 (3d Cir. 1975) (When jurisdictional defect is so obvious, the Court need not afford the parties an opportunity to be heard, and a Court may dismiss the complaint on its own motion without notifying the parties prior to that order). Although Mr. Angelle is technically in default, MidSouth is not in default, and has filed the Motion to Remand. Thus, any argument that the Motion is improperly raised because Mr. Angelle is a party to the Motion lacks merit.

1

Mr. McZeal filed a third-party complaint against Mr. Angelle and a cross-claim against MidSouth, alleging a host of state and federal violations.

On March 2, 2011, MidSouth filed the present motion, asserting that this Court lacks jurisdiction to hear this case [Doc. 18]. Mr. McZeal filed an Opposition [Doc. 23], and MidSouth filed a Reply [Doc. 25].

## LAW & ANALYSIS

For federal subject matter jurisdiction to exist, either (1) the plaintiff must allege a claim "arising under the Constitution, laws, or treaties of the United States" (commonly referred to as federal question jurisdiction) or (2) the matter in controversy must exceed $75,000 and the action must be between citizens of different states (commonly referred to as diversity jurisdiction). *See* 28 U.S.C. §§ 1331 & 1332. Although the plaintiff is generally entitled to choose the forum in which to bring a lawsuit, a defendant may nevertheless remove the lawsuit to federal court, subject to certain rules and exceptions not relevant here, as long as the suit could have been brought originally by the plaintiff in federal court. *Rivet v. Regions Bank of La.*, 522 U.S. 470 (1998) (holding that a federal court cannot exercise removal jurisdiction in a case brought in state court involving mortgage rights in real property where state court action did not meet the requirement for federal court jurisdiction and thus could not have been initiated in federal court). In all cases, removal is proper only when subject matter jurisdiction requirements are satisfied.

Here, subject matter jurisdiction does not exist for two reasons. First, MidSouth's complaint does not raise a federal question. [R. Doc. 1-2, Ex. 1, State Court Petition]. "[A] federal court cannot issue a writ of seizure and sale in an executory proceeding because under Louisiana law an executory proceeding is not commenced and prosecuted pursuant to the Federal Rules of Civil Procedure." *Thermo Credit L.L.C. v. Centric Voice, Inc.*, Civ. Act. No. 08-3441,

2008 WL 4691839, at *2 (E.D.La. Oct. 22, 2008). In other words, not only is an executory proceeding predicated on state law, *see, e.g.,* La. Rev. Stat. Ann. § 9:5555, it cannot be prosecuted under federal law. Moreover, while Mr. McZeal raises federal violations in his counterclaim, "a counterclaim . . . cannot serve as the basis for 'arising under' jurisdiction." *Holmes Group, Inc. v. Vornado Air Circ. Sys., Inc.*, 535 U.S. 826, 831 (2002). Thus, the MidSouth's claim does not arise under federal law.

Second, the parties are not diverse in citizenship. Mr. McZeal is a citizen of Louisiana, [R. Doc. 1 ¶ 2(F)(b)], and both parties agree that MidSouth is a citizen of Louisiana, as its principal place of business is located in Louisiana. [R. Doc. 1 ¶ 2(F)(a); R. Doc. 2 ¶ 10; R. Doc. 18-2, Ex. 4, Aff. of Glenda Montet, ¶ 5] Thus, Mr. McZeal's removal was improper because this Court lacks subject matter jurisdiction over this case.

Mr. McZeal nevertheless contends that MidSouth's Motion to Remand is untimely because it was filed beyond the 30 day period prescribed by 28 U.S.C. § 1447(c). [R. Doc. 23].[2] Although it is true that § 1447(c) limits the time period in which a party may seek remand based on a procedural defect in removal, that limitation does not apply if the motion to remand alleges a subject matter jurisdiction defect: "A motion to remand the case on the basis of any defect *other than lack of subject matter jurisdiction* must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c) (emphasis added). Because MidSouth raises a subject matter jurisdiction defect, its Motion to Remand was not untimely. Accordingly, this Court will grant MidSouth's Motion to Remand..

---

[2] This Court dismisses, out of hand, Mr. McZeal's contention that MidSouth's Motion to Remand should be stricken from the record because of some ostensible conflict of interest on part of MidSouth's attorney. There is no conflict of interest in this case.

Finally, this Court considers whether MidSouth is entitled to costs and attorney fees incurred as a result of the improvident removal. "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an *objectively reasonable* basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (emphasis added). Here, MidSouth's complaint clearly did not raise any claims "arising under" federal law. Similarly and by Mr. McZeal's own admission, the parties are not diverse in citizenship. Finding that no objectively reasonable basis existed for Mr. McZeal to remove this lawsuit, MidSouth is entitled to costs and attorney's fees under § 1447(c). Accordingly, it is

ORDERED that MidSouth's Motion to Remand is GRANTED;

IT IS FURTHER ORDERED that the case is REMANDED back to state court;

IT IS FURTHER ORDERED that MidSouth is awarded its costs and expenses, including attorney fees, incurred as a result of the defendant's removal.

Lake Charles, Louisiana, this 31 day of May 2011.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE