RECEIVED
IN LAKE CHARLES, LA.
JUL 25 2012
TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| MIDSOUTH BANK, N.A. | : | DOCKET NO. 2:10 CV 1560 |
| VS. | : | JUDGE MINALDI |
| ALFRED MCZEAL, SR. | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the Court is a Motion to Fix Attorney's Fees, filed by the plaintiff, MidSouth Bank, N.A. and the third party defendant, Jay Angelle [Doc. 26] (collectively, "Movers"). On June 1, 2011, this court granted the Movers' Motion to Remand, and, finding that the defendant's removal was frivolous, awarded the Movers their reasonable attorney's fees and costs incurred as a consequence of the removal. In response, the Movers filed the present motion, along with an accounting of fees and costs incurred.

Before the court could rule on the motion, the defendant, Alfred McZeal, Sr., appealed the court's order remanding the suit and awarding attorney's fees. The Fifth Circuit dismissed the appeal for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1446(d).

### Law and Analysis

Determining the amount of reasonable attorney's fees is a two-step process. "Initially, the district court must determine the reasonable number of hours expended on the litigation and the reasonable hourly rate for the participating lawyers. *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). Then, the district court must multiply the reasonable hours by the reasonable hourly rates." *Id.* "The product of this multiplication is the lodestar,

1

which the district court then either accepts or adjusts upward or downward, depending on the circumstances of the case." *Id.*

The fee applicants bear the burden of demonstrating the number of hours expended and the reasonableness of the rate charged. *Id.* Additionally, the fee applicants must prove that they exercised billing judgment, which requires "documentation of the hours charged and of the hours written off as unproductive, excessive, or redundant." *Saizan v. Delta Concrete Products Co., Inc.*, 448 F.3d 795, 799 (5th Cir. 2006). If the court finds billing judgment lacking, it must reduce the award by a percentage "intended to substitute for the exercise of billing judgment." *Id.*

Both MidSouth and Mr. Angelle are represented by Jonathon G. Wilbourn. Mr. Wilbourn submitted an affidavit stating that he charged the movers $4,386.00 in fees incurred in seeking remand, as well as $1768.00 in fees incurred in opposing the defendant's Motion to Strike [Doc. 20]. Accordingly, the Movers seek a total of $6140.00 in fees.

**I.    Hours Expended**

Turning to the invoices and affidavit filed in this case, the court must first determine whether the number of hours spent by Mr. Wilbourn was reasonable. Mr. McZeal does not offer any evidence that Mr. Wilbourne billed his client for excessive, duplicative, or unproductive hours, and, and having reviewed Mr. Wilbourn's affidavit and billing statement, this court finds that the Mr. Wilbourn acted in good faith and that his actions were justified. Accordingly, this court bases its award on the hours set forth in the itemized statements submitted by the petitioner in the record.

## II.   Reasonable Rates

The court must next determine whether the hourly rate of $340.00 per hour for Jonathon Wilbourn is reasonable given Mr. Wilbourn's ability and experience. Mr. Wilbourn is a partner with 10 years of experience.

The hourly fee awarded must be supported by the record; the district court may not simply rely on its own experience in the relevant legal market to set a reasonable hourly billing rate. *See Cobb v. Miller,* 818 F.2d 1227, 1232 & n. 7 (5th Cir.1987) (noting that a magistrate judge should not have considered his personal experience in setting a reasonable hourly rate).

This court finds that the hourly rate of $340 per hour which Mr. Wilbourn seeks to recover for his time is not reasonable. There is nothing in the affidavits or exhibits submitted by MidSouth that establishes the ordinary billing rates for counsel in the relevant community, which is the Western District of Louisiana. Instead, Mr. Wilbourn only submitted evidence which indicates his own billing rate and the customary billing rate for his firm. Mr. Wilbourn indicates that he is a member of a Baton Rouge, Louisiana law firm and that he graduated from law school eleven years ago. While $340 per hour may be the rate Midsouth Bank agreed to pay its Baton Rouge-based counsel and it may be a common rate for eleventh year lawyers in Baton Rouge, it is not a rate which this court has awarded for lawyers of similar experience for such work in this court's market. Instead, a review of this court and similarly situated courts' records provides the following sampling of recent attorney's fees awards from which guidance may be gleaned:

1. In determining the appropriate attorney's fees, Judge Vance employed a "reasonable blended rate." To determine the blended rate of an experienced partner level attorney, the Court averaged "the prevailing hourly rate for partner-level attorneys in this jurisdiction ($350 per hour) with the prevailing rate for associate-level attorneys

3

in this jurisdiction ($150 per hour)." The Court concluded that $250 per hour was a reasonable rate. *In re Educational Testing Serv. etc. Litig.*, 447 F.Supp.2d 612, 633 (E.D.La.2006).

2. The Court surveyed cases in the Louisiana regarding attorney's fee awards during the last five years. In January, 2006, the Court awarded the lead trial attorney, who had over 20 years of experience litigating civil rights cases, $235.00 per hour, and the associate trial attorney, who had considerable but less experience, $165.00 per hour. *Decorte v. Jordan*, No. 09-1239, slip op. at 2-4 (E.D. La. Feb. 2, 2006)

3. The Court awarded $225.00 per hour for the lead attorney who had practiced 24 years, and $175.00 per hour for the associate attorney. *Downey v. Strain*, No. 04-2593-SS, 2006 WL 1581234, at *5 (E.D.La. June 5, 2006.).

Clearly, Mr. Wilbourn is exceptionally well qualified and experienced. However, neither MidSouth's Motion to Remand or its Motion to Strike involved complex or disputed facts, or unsettled issues of law. On the contrary, both motions could be resolved through a straightforward application of settled principles of law and thus could have been competently handled by an attorney with less experience. Therefore, the Court finds that an appropriate hourly rate for Mr. Wilbourn is $250.00. The hourly rate is derived from a blended rate of a partner-level attorney ($350) and an associate-level attorney ($150) and is consistent with previous rulings in this jurisdiction.

## Conclusion

Multiplying the reasonable amount of time (12.9 hours) by the reasonable hourly rate of $250 per hour, the lodestar calculation yields an award in favor of the Movers in the amount of $3,225. Accordingly, the motion will be granted, and judgment will be entered against Alfred McZeal and in favor of the Movers in the amount of $3,225 in reasonable attorney's fees incurred to as a result of Mr. McZeal's frivolous removal and Motion to Strike.

Lake Charles, Louisiana, this ____ day of July 2012.

PATRICIA MINALDI

UNITED STATES DISTRICT JUDGE